IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN RICHARD FORTENBERRY, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 15-0280-CV-W-DGK |
| ) | (Crim. No. 13-CR-00076-W-DGK-1) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant John R. Fortenberry, Jr. ("Fortenberry") pled guilty to use of an interstate facility to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). He was sentenced to a 324-month term of imprisonment. Now before the Court is Fortenberry's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1), Motion to Amend (Doc. 11), Second Motion to Amend (Doc. 24), Motion for an Evidentiary Hearing (Doc. 29), Third Motion to Amend (Doc. 41), and Motion for Copies (Doc. 45). For the reasons set forth below, Fortenberry's motions are DENIED IN PART. The Court holds Grounds Two, Three, Four, and Six are meritless. Grounds One and Five will be addressed at the evidentiary hearing on November 22, 2016.

**Background**

On February 20, 2013, Fortenberry was charged with use of an interstate facility to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Crim. Doc. 1). On March 3, 2013, a superseding indictment charged Fortenberry with use of a facility of interstate commerce to attempt to coerce an individual under the age of eighteen to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); transfer of obscene matter to an individual

1

under the age of sixteen, in violation of 18 U.S.C. § 1470; and committing the former offenses at times when he was required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Crim. Doc. 2). On November 26, 2013, Fortenberry pled guilty to Count I of the indictment, pursuant to a written plea agreement (Crim. Docs. 23, 24).

The plea agreement sets out the following factual basis for the plea. In January of 2013, an acquaintance of Fortenberry's contacted the Federal Bureau of Investigation ("FBI") in Memphis, Tennessee, to report that Fortenberry was in contact with a 12-year-old girl ("Jane") residing in Kansas City, Missouri, and was planning to travel to Kansas City to meet Jane in person. FBI agents located and interviewed Jane, who admitted to exchanging nude photographs and videos with Fortenberry over the Internet. After obtaining Jane's cell phone, FBI agents discovered approximately 1,200 text messages between her and Fortenberry, a video of Fortenberry masturbating, and nude photographs of Jane. Text message conversations indicated that Fortenberry intended to travel to Kansas City to meet and have sex with Jane. In an interview, Jane stated that she and Fortenberry would communicate over the Internet and phone, Fortenberry had plans to visit Kansas City to have sex with her, and she knew that Fortenberry was a registered sex offender. Plea Agrmnt. at 4.

The plea agreement also contains an express waiver of appellate and post-conviction rights. *Id.* ¶ 15. This waiver states:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

*Id.*

The United States Probation Office then prepared a presentence investigation report ("PSR") (Crim. Doc. 25). The PSR reported that, based on a total offense level of thirty-seven and a criminal history category of V, Fortenberry's Guidelines range was 324 to 405 months (*Id.* ¶ 55). The Court agreed with this calculation and subsequently sentenced Fortenberry to 324 months' imprisonment, to be followed by a life term of supervised release (Crim. Doc. 32).

Fortenberry then filed the instant motions. Because he challenged counsel's failure to file a requested appeal, an evidentiary hearing on that matter is necessary and will be held on November 22, 2016. *See Witthar v. United States*, 793 F.3d 920, 923-24 (8th Cir. 2015). Counsel have outlined the issues presently before the Court (Doc. 46). A majority of Fortenberry's grounds for relief may be ruled on the basis of the existing record, and the Court will now address those issues.

## Standard

To establish that counsel's assistance was constitutionally ineffective, a petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs of the *Strickland* test must be satisfied to obtain relief. *Id.* at 697.

To establish prejudice under the second *Strickland* prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Where, as here, only the sentencing phase is at issue, the petitioner "must show that but for his counsel's deficiency, there is a reasonable probability he would have received a different sentence." *Porter v. McCollum*, 558 U.S. 30, 41 (2009). To assess that probability, the court considers "the totality of the available mitigation evidence" and "reweig[hs] it against the evidence in aggravation." *Id.* "The

3

likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Counsel's failure to advance a meritless argument cannot constitute ineffective assistance of counsel. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994); *see, e.g., Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991) ("Counsel's failure to raise [] meritless issues does not constitute ineffective assistance.").

## Discussion

In his motions, Fortenberry asserts six grounds for relief (*see* Doc. 46). Grounds One through Five assert that Fortenberry was denied effective assistance of counsel because his attorney failed to: (1) file a timely notice of appeal; (2) object to an 8-level sentencing enhancement that allegedly violated the plea agreement; (3) object to an upward departure; (4) object that his conduct proscribed by the state law of Missouri was not "sexual activity" within the meaning of 18 U.S.C. § 2422(b); and (5) advise him that he could be sentenced to an 8-level enhancement contrary to the plea agreement. Ground Six asserts that Fortenberry does not qualify as a repeat and dangerous sex offender due to the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

As discussed below, Grounds Two, Three, Four, and Six are meritless, and the Court will not address them at the hearing.

In Ground Two, Fortenberry alleges that he was denied effective assistance of counsel because his attorney failed to object to an 8-level sentencing enhancement under § 2G1.3(b)(5) that was not contemplated in the plea agreement. However, counsel did object to this enhancement, as evidenced in the sentencing transcript and counsel's sentencing memorandum. Sent. Tr. at 4-5; Def.'s Sent. Br. at 3 (Crim Doc. 27). Because it is conclusively refuted by the

record, this argument is without merit.[1]

In Ground Three, Fortenberry alleges he was denied effective assistance of counsel because his attorney failed to object to the Court's upward departure. This is also conclusively contradicted by the record. First, Fortenberry's counsel asked for a downward departure in his sentencing memorandum (Crim. Doc. 27 at 3 ("In this case the minimum term of imprisonment is 120 months. Defendant believes that application of the guideline range as calculated by the parties in the agreement, and as calculated in the PSR are unfair and unjust as to the defendant, and that a sentence of 120 months is appropriate to address the [§ 3553(a) factors].")). Second, the sentence imposed was not an "upward departure." Fortenberry's Guidelines range was between 324 and 405 months. The Court sentenced him to 324 months' imprisonment, at the low end of the Guideline range. Hence, there was no upward departure to which counsel could object. This argument is also without merit.[2]

In Ground Four, Fortenberry alleges he was denied effective assistance of counsel because his attorney failed to object that his conduct proscribed by the state law of Missouri was not "sexual activity" within the meaning of 18 U.S.C. § 2422(b). Section 2422(b) is violated where a person, using a means of interstate commerce, "knowingly persuades, induces, entices, or coerces any individual who has no attained the age of 18 years, to engage in prostitution or any *sexual activity* for which any person can be charged with a criminal offense, or *attempts to*

---

[1] Fortenberry also argues that the enhancement was not contained in the plea agreement, and the Government breached the agreement when it advocated for the enhancement. It is true that the § 2G1.3(b)(5) enhancement was not contemplated in the agreement. However, the agreement specifically states that "[t]he parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed . . . . As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing." Plea Agrmnt. ¶ 11. Because the Government was free to advocate for an enhancement not stipulated to in the plea agreement under the agreement's own terms, the Government did not breach the agreement in advocating for the 8-level enhancement.

5

*do so . . . .*" 18 U.S.C. § 2422(b) (emphasis added). Here, the relevant criminal offense is statutory rape under Missouri Revised Statute § 566.032. This statute states that a "person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old," Mo. Rev. Stat. § 566.032.1, and "an attempt to commit statutory rape in the first degree is [also] a felony . . . ." *Id.* § 566.032.2.

Fortenberry relies on *United States v. Taylor* to argue that, because no contact with the victim occurred, his actions do not qualify as "sexual activity" under § 2422(b). 640 F.3d 255 (7th Cir. 2011). In *Taylor*, the Seventh Circuit Court of Appeals held that the term "sexual activity" as used in § 2422(b) requires some sort of sexual touching or contact, and mutual masturbation via webcam does not qualify as "sexual activity" because no touching or contact is intended or occurs. *Id.* at 259-60. But the defendant in *Taylor* "neither made nor, so far as appears, attempted or intended physical contact with the victim." *Id.* at 260.

Here, Fortenberry pled guilty to facts illustrating he clearly intended physical contact with Jane. For example, the agreed-upon factual basis in his plea agreement states:

> When agents received Jane Doe's cell phone, they located approximately 1200 text messages between Jane Doe and the defendant dating back to November of 2012. On the cell phone agents located a video of the defendant masturbating along with nude photographs of Jane Doe. *Agents reviewed the text messages and located chat conversations on January 10, 2013, which indicated the defendant was to travel to Kansas City on or around January 18, 2013, to meet and have sex with Jane Doe.* One such text message stated, "I [sic] just its [sic] hot that I'm making love to my little 12 year old girl and she's making love to her 37 year old daddy."

Plea Agrmt. at 3 (emphasis added). Had Fortenberry carried out these intentions—intentions the plea agreement acknowledges he had—he could be charged with a violation of Missouri Revised

---

[2] Fortenberry also argues that the Government failed to prove each of the elements under the statute to which he pled guilty. But Fortenberry stipulated to the facts necessary for a finding of guilt under the statute in his plea agreement (Doc. 24). This argument is entirely without merit.

Statute § 566.032.³ Because Fortenberry's conduct clearly violated § 2422(b), the statute of conviction, counsel's argument to the contrary at sentencing would have been meritless. Counsel is not ineffective for failing to advance a meritless argument. *Rodriguez*, 17 F.3d at 226.

In Ground Six, Fortenberry cites *Johnson v. United States*, 135 S.Ct. 2551 (2015), for the assertion that he is "not a Repeat & Dangerous Sex Offender and his sentence violates due process of law because he does not have two prior convictions that qualify as a predicate offense under the United States Sentencing Guidelines manual Section 4B1.5(a)."

*Johnson* is inapplicable to Fortenberry's sentence. Section 4B1.5 was not invalidated in that case, nor was Fortenberry's sentence imposed based on any impermissibly vague rule of law.

Accordingly, Ground Six is denied.

## Conclusion

As outlined above, Grounds Two, Three, Four, and Six are DENIED. Grounds One and Five will be addressed at the evidentiary hearing on November 22, 2016.

**IT IS SO ORDERED.**

Date: November 18, 2016          /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT

---

³ Fortenberry argues that § 2422(b) requires a prosecutor to prove that a defendant is also guilty of the underlying offense which, in this case, would be attempted statutory rape under Missouri Revised Statute § 566.032. Under Missouri law, an attempt to commit a crime has two elements: "(1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense." *State v. Withrow*, 8 S.W.3d 75, 78 (Mo. 1999). Fortenberry argues that his conduct did not rise to the level of a "substantial step" toward committing the crime of statutory rape. Under Eighth Circuit law, this claim is "beside the point." *United States v. Spurlock*, 495 F.3d 1011, 1014 n.2 (8th Cir. 2007). Fortenberry pled guilty under 18 U.S.C. § 2422(b), which prohibits an attempt to knowingly entice a minor to engage in any sexual activity for which a person could be charged with a criminal offense. His attempts to entice Jane to engage in sexual activity—sexual activity for which he could be charged with attempted statutory rape under Missouri law—fall within the scope of the federal statute. The Government need not prove that Fortenberry was guilty of attempted statutory rape under Missouri law.