IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN RICHARD FORTENBERRY, JR., ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 15-0280-CV-W-DGK <br> (Crim. No. 13-CR-00076-W-DGK-1) |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant John R. Fortenberry, Jr. ("Fortenberry") pled guilty to use of an interstate facility to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). He was sentenced to a 324-month term of imprisonment. Now before the Court are Fortenberry's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1), Motion to Amend (Doc. 11), Second Motion to Amend (Doc. 24), Motion for an Evidentiary Hearing (Doc. 29), Third Motion to Amend (Doc. 41), and Motion for Copies (Doc. 45). The Court previously denied Grounds Two, Three, Four, and Six of Fortenberry's motions. The Court heard evidence on Grounds One and Five at a hearing on November 22, 2016. For the reasons set forth below, the Court finds these arguments to be without merit, and Fortenberry's motions are DENIED. Additionally, the Court DENIES Fortenberry a Certificate of Appealability.

### Background

On February 20, 2013, Fortenberry was charged with use of an interstate facility to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Crim. Doc. 1). On March 3, 2013, a superseding indictment charged Fortenberry with use of a facility of interstate commerce to attempt to coerce an individual under the age of eighteen to engage in

1

sexual activity, in violation of 18 U.S.C. § 2422(b) (Count I); transfer of obscene matter to an individual under the age of sixteen, in violation of 18 U.S.C. § 1470 (Count II); and committing the former offenses at times when he was required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count III) (Crim. Doc. 2). On November 26, 2013, Fortenberry pled guilty to Count I of the indictment, pursuant to a written plea agreement (Crim. Doc. 24).

The plea agreement sets out the following factual basis for the plea. In January of 2013, an acquaintance of Fortenberry's contacted the Federal Bureau of Investigation ("FBI") in Memphis, Tennessee, to report that Fortenberry was in contact with a 12-year-old girl ("Jane") residing in Kansas City, Missouri, and was planning to travel to Kansas City to meet Jane in person. FBI agents located and interviewed Jane, who admitted to exchanging nude photographs and videos with Fortenberry over the Internet. After obtaining Jane's cell phone, FBI agents discovered approximately 1,200 text messages between her and Fortenberry, a video of Fortenberry masturbating, and nude photographs of Jane. Text message conversations indicated that Fortenberry intended to travel to Kansas City to meet and have sex with Jane. In an interview, Jane stated that she and Fortenberry would communicate over the Internet and phone, Fortenberry had plans to visit Kansas City to have sex with her, and she knew that Fortenberry was a registered sex offender. Plea Agrmnt. at 4.

The plea agreement also contains an express waiver of appellate and post-conviction rights. *Id.* ¶ 15. This waiver states:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

*Id.*

The United States Probation Office then prepared a presentence investigation report ("PSR") (Crim. Doc. 25). The PSR reported that, based on a total offense level of thirty-seven and a criminal history category of V, Fortenberry's Guidelines range was 324 to 405 months (*Id.* ¶ 55). The Court agreed with this calculation and subsequently sentenced Fortenberry to 324 months' imprisonment, to be followed by a life term of supervised release (Crim. Doc. 32).

Fortenberry then filed the instant motions. A majority of his asserted grounds for relief were ruled on the basis of the existing record (Doc. 49). Because Fortenberry challenged counsel's failure to file a requested appeal, an evidentiary hearing on that matter was held on November 22, 2016. *See Witthar v. United States*, 793 F.3d 920, 923-24 (8th Cir. 2015). The Court then heard evidence on the remaining two grounds for relief. Both Fortenberry and his former counsel, Ryan Reynolds ("Counsel"), testified.

Fortenberry's testimony was not credible and inconsistent with his allegation that he unequivocally told Counsel to file a direct appeal. For example, he repeatedly stated that his direction to file an appeal was "implied." While he first indicated that he wished to appeal at his sentencing, his testimony about later meetings with Counsel made clear that he wished to attack his sentence on the basis of ineffective assistance of counsel, and not on the basis of any claims that could be brought via direct appeal:

> Assistant U.S. Attorney Moore ("AUSA"): However, you did not—the waiver that you agreed to said you could not appeal the sentence as long as it was in the statutory range of punishment?
>
> Fortenberry: Yes ma'am. I understood that.
>
> AUSA: You knew you could not appeal the sentence; correct?
>
> Fortenberry: Correct.

3

AUSA: Okay. And so you asked Mr. Reynolds to—or you at least implied to him I believe you testified that you wanted to appeal for ineffective assistance of counsel?

Fortenberry: Yes, ma'am.

AUSA: And, in fact, that's what you're doing today; correct?

Fortenberry: Yes ma'am.

AUSA: And Mr. Reynolds told you if you went ahead and did that he would not be offended; correct?

Fortenberry: Correct.

AUSA: And you had no agreement that Mr. Reynolds was going to appeal his own ineffective assistance of counsel claim, did you?

Fortenberry: No ma'am.

AUSA: You were—I think you said you implied it to him. He told you he wouldn't be offended, and you were hoping he would file something; is that correct?

Fortenberry: That's correct.

AUSA: And, in fact, you filed something which brought us here today?

Fortenberry: Correct.

AUSA: So you did not ask him to appeal the sentence?

Fortenberry: I—no. I just said I want to appeal this.

AUSA: Okay. But you specifically did not ask him to appeal the sentence?

Fortenberry: No. I just said I want to appeal.

AUSA: You—and again, the only—I believe you said the only thing that you wanted to appeal was ineffective assistance of counsel?

Fortenberry: Yes, ma'am.

Tr. Excerpt at 2-4 (Doc. 51). After this exchange, the Court observed that Fortenberry understood the difference between a direct appeal and the motion he wished to file, a § 2255 motion based on ineffective assistance of counsel.

Fortenberry also testified that counsel did not inform him of the possibility of an 8-level enhancement under USSG § 2G1.3(b)(5) prior to accepting the plea agreement. While he indicated that he "definitely" would have wanted to know about the enhancement prior to entering into the plea agreement, he never alleged that he would have proceeded to trial had he been given this information. He was aware of the benefit of his plea agreement—specifically, that he avoided the imposition of charges exposing him to an increased statutory range. Fortenberry also testified that he was fully aware the sentencing guidelines were advisory, that his sentence was within the statutory range, and that he could legally receive up to a life sentence on the count charged.

Counsel then took the stand. His testimony was consistent with his affidavit (Doc. 9-1) and credible, both because his demeanor indicated he was being honest and because his testimony was corroborated by Fortenberry's.

**Standard**

To establish that counsel's assistance was constitutionally ineffective, a petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs of the *Strickland* test must be satisfied to obtain relief. *Id. at 697*.

To establish prejudice under the second *Strickland* prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "In order to demonstrate prejudice where, as here, a petitioner challenges the validity of his guilty plea, the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Frausto*, 754 F.3d

640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

**Discussion**

Two grounds for relief remain: Ground One alleges that Fortenberry was denied effective assistance of counsel because he unequivocally told his attorney to file a direct appeal and his attorney failed to do so; and Ground Five alleges that Fortenberry's plea was involuntary due to his attorney's failure to inform him that an 8-level enhancement under United States Sentencing Guidelines ("USSG") § 2G1.3(b)(5)[1] may apply at sentencing.

Fortenberry's testimony makes clear that he did not unequivocally direct Counsel to file a direct appeal. In fact, Fortenberry indicated to Counsel that he wished to collaterally attack his sentence based on ineffective assistance of counsel. Because Fortenberry's allegation that he directed Counsel to file an appeal is directly refuted by his testimony, the Court denies relief on Ground One.

The Court also denies relief on Ground Five. Nothing in the record indicates Fortenberry would have proceeded to trial but for Counsel's failure to inform him of the possible 8-level sentencing enhancement. Not once at the hearing did Fortenberry even allege that he would have proceeded to trial had he been aware of the possible 8-level sentencing enhancement prior to entering his plea. He further testified that he understood the plea agreement benefited him, and that he faced a greater-than-life statutory maximum had he gone to trial. Even assuming, *arguendo*, that Counsel's performance was deficient, Fortenberry has not established that he was prejudiced by this performance. Because Fortenberry fails to satisfy both *Strickland* prongs, § 2255 relief is denied on Ground Five.

---

[1] This enhancement applies if the defendant was convicted under 18 U.S.C. § 2422(b) and the offense involved a minor who had not attained the age of 12 years.

## Conclusion

Accordingly, relief under Grounds One and Five is DENIED. Because the Court's resolution of Fortenberry's claims are not "debatable among jurists of reason," a certificate of appealability is also DENIED. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

**IT IS SO ORDERED.**

Date: November 29, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT